May it please the court, James Fife of Federal Defenders appearing on behalf of Mr. Achin. I'll try to preserve a little bit of time for this. The district court prejudicially erred, both in how it conducted the violation hearing and in the sanctions it opposed. While the parties agree that a remand is required to strike the improper supervision condition, in fact, the entire judgment should be reversed because the district court did not follow due process in considering revocation as a distinct exercise of discretion. Also, the above guidelines sanctions imposed were based on legally impermissible factors and lacked adequate basis for explanation. The Supreme Court in... When you say above guideline, you're talking about the length? Yes, correct. Go ahead. The custodial sentence for the sanction was above the guideline and the additional supervised release to follow was above the guideline. So both of those were variances, but there wasn't an explanation for either one of those. The Supreme Court in Morrissey indicated that a violation hearing has to be conducted strictly into three discrete steps. Finding a violation conduct, then the determination whether that warrants revocation, and finally, if there is a revocation, what kind of sanction, if any, or modification? Now, reading the entire transcript, it seems to me that all of those issues were covered. I mean, I have... I was actually very impressed with this transcript. I think that the judge engaged in a very meaningful dialogue and ultimately came up to the right decisions. As far as minimum due process, what specifically was missing here? Your Honor, I think it is really plain from the transcript that the judge went immediately... I'm looking at page 10 of the excerpt. The court says, the court finds the preponderance of the evidence of the defendant is violated. Therefore, supervised release will be revoked and I am prepared to move forward to sentencing. In the space of three sentences, the court runs through all three steps. But the step that's in the middle, even though there was quite a bit of discussion, even though this was an admission, the court, of course, read the allegation and made sure that Mr. Aitchin understood what he was admitting. And then there's a very lengthy discussion of the sanction. But the only mention of the revocation is right here in that one sentence where he says, therefore, supervised release will be revoked. But under Morrissey, that is a co-equal... In fact, I would say even under Diaz-Burgos, this court's case, which is a case that the government cited, it's an extremely important decision as separate from the other two. In Diaz-Burgos, the court said, the judge must still decide the more difficult issue, whether the violation warrants revocation because violations, unlike guilty pleas, do not automatically trigger sentencing. But that's exactly the error that the judge committed here. Okay, but our review is only for plain error, right? And it strikes me as the classic instance in which we would fault, not you, but whoever defends... At the hearing. At the hearing, just appellate counsel. But, you know, I'm just... Right, this is the classic situation where you'd say, if defense counsel had said, wait a minute, Your Honor, you know, you're going a little bit too fast. I'd like to be heard on the issue of whether revocation should even occur. Surely the judge would have paused, right? Well, you know, Your Honor, I thought about that. And I think there's plenty of places in the law where we recognize that that can't... That doesn't always happen. For instance, with the... There's a general rule that you're required to object. But we also recognize an exception when the judge doesn't give you an opportunity to do that. We say, well, then we're going to recognize that. And that's really the case here. Sometimes judges on the bench... But doesn't he say, I'll give you an opportunity to persuade me, otherwise... Persuade him, but it was only about the sanction because he had given his tentative sentence. And he wasn't open at all to the idea. I mean, he had already made up his mind. I would claim that it was so streamlined that you could say that, in a way, this is a violation of the guideline 7B1.3, that he was treating it as if it was automatic. Grade C violation, automatic revocation. That's what it looks like from this record. And that's a violation of the guideline to begin with. But it's certainly not living up to what Morrissey pictured as the third middle step that, as Diaz-Burgos says, is the more important or the more difficult question, whether there should be a revocation. Yes, some... Especially with a grade C violation. A grade C... One admission, one admitted grade C violation. It's a question like, well, is the defendant, is the system best served by a revocation at this point? And I'd say that the basis, the facts here show this was a very good case for continuing on supervision. With modifications, everybody was recommending modifications to make the treatment more effective, and that is a statutory consideration the court was supposed to look at. Can I... Let me just make a statement, then you tell me if I'm not getting the facts right. I guess I assumed the reason there was no interjection of, you know, by defense counsel here is because everyone knew coming in that this was likely going to result in revocation because wasn't it the case that sometime before this hearing occurred, your client had done something wrong, and they had continued him? And so he had already kind of slipped up, and they said, no, well, we don't want to revoke you now. Then he slipped up again, and it's like, okay, well, once we got to this point, everybody knew what was going to happen. That sounds right, Your Honor. I would point to that fact that earlier, after he got off probation and he did, he served a custodial sentence when probation was revoked, and then he was resentenced and given some custodial time, put on supervised release. After he was released from custody, he didn't report in right away, and the probation officer considered filing petition at a point, but with consultation with the court, they decided, well, no. On the whole, because he has this very good employment, which is really important to keeping him on track, they decided we're going to let him go. I think that's important, Your Honor, because it shows, as far as the reasonable probability that this error affected the case, it shows that the judge was not completely and utterly closed off to the idea of continuing revocation because he actually did it earlier when the probation officer said, when someone had the chance to advocate for that, that's my point, when someone like the probation officer could actually advocate given the opportunity. But when we come into this hearing here, the judge didn't give any daylight for that. And we know, I know, as an advocate in the court, I'm not going to challenge, I'm not going to sometimes push back against the judge who's already decided. I'm sure you, that's what I'm saying. I think defense counsel didn't hear because it was so obvious that revocation was going to be the response from the court. And I don't buy your notion that somehow the defense lawyer was cowed into just saying, oh, boy, I had this passionate defense as to why he should be continued, but I... No, no, I agree, Your Honor, because as counsel pointed out, that then defense counsel did later on while discussing the sanctions try to slip in the idea like, oh, maybe we should just modify, put him in a residential so that he continued to work. I mean, he did try to work around the way the judge had structured the hearing. But, yes, that makes it plain error. But that still doesn't change the fact that the judge did not follow the procedure that Morrissey and the case law of this circuit require. That you give serious consideration, you give an opportunity to advocate, and more importantly, you make a reasoned, discreet exercise of discretion that, yes, revocation is the proper course in this case. That didn't happen here. And I admit that this happens frequently in district courts, maybe just in our district court. But that's a good reason for this court to speak to that. And say, this is a real, legitimate, important step. Courts should take the time to put their reasons why they're revoking on the record and not simply blow past it right into sanctions. I see I'm running out of time, Your Honor. Unless you wanted to hear something about this, have more questions or hear about the super, the sentencing. But, of course, if it's going to be reversed for the error, the Morrissey error, then the sentencing issue is moved. Okay. Let's hear from the government. We'll give you a little time. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. Helen Hong on behalf of the United States. The district court here adhered to all of the requirements necessary in order to impose a constitutionally sound sentence. I'd echo the observations by Judge Rubino here today, which is that the district court engaged in a thorough and exhaustive inquiry before revoking supervised relief and then imposing its sentence. And as Your Honors have all acknowledged and recognized, the district court gave Mr. Achen and his attorney both ample opportunity to argue in favor of extension or modification of supervised relief as opposed to a custodial sanction which was ultimately imposed. And I do think, as Judge Watford, you observed, that revocation was the likely result here in light of Mr. Achen's woefully poor performance on both probation and supervised relief. What we do know, though, is that the district court knew that it had the discretion not to revoke and to extend or modify the terms of supervised relief because it had done it on two prior occasions. How do you, just looking at the passage on ER 10 that your opponent highlighted, it does seem like there wasn't a pause as maybe... I don't know. I'm just wondering. I can't remember what you said in your brief. Do you concede that, well, maybe technically there was error, but it wasn't plain? Or you don't think there was any error at all? I don't think there was error in this case at all. There's no wooden requirement that Morrissey imposes. In fact, Morrissey itself says there's a flexible approach given the sort of lower due process standards that adhere in these revocation-type proceedings. There's a flexible approach that simply requires the revokee to have an opportunity to allocate and to press its position and urge the district court to extend or modify supervised release as opposed to revoke. And that's what the district court did here. So at ER 11, following that revocation statement on ER 10, the district court specifically stated, so that's my tentative. You can obviously try to talk me out of it, but I will tell you that I'm, well, go ahead. And then, as Mr. Fyfe observed, what Mr. Garrison, the trial attorney below, did was in effect argue for an extension or modification of supervised release so that his client could spend simply five months in an RRC facility and then continue to engage in whatever work that he had. But wasn't the expression of, so that's my tentative, wasn't that in reference to the actual sentence that was going to be imposed? That's, I mean, it's sort of together, right? And I think that that's really what Mr. Garrison and Mr. Aiken also took it to mean, because both advocated not for revocation and a sentence, but for continuation of the conditions of supervised release. Mr. Aiken himself at ER 16, for example, says, I just want to be a taxpaying member of society. I will do outpatient treatment six months a year. Give me another shot. The district court ultimately didn't do that, and we know that because of Mr. Aiken's poor performance in what had happened previously. And as Your Honor observed, in this case, after probation had first been revoked, the court already did once allow Mr. Aiken to continue on supervision with modifications to his conditions without revoking. And that's clear from ER 25 in the petition where that probation officer says, as you recall, Your Honor, I brought these prior violations to your attention, but we elected to continue with supervised release. It happened at Record 40 as well during the probationary period where there was actually a written modification that was imposed. So in this case, I think the district court did everything it had to in order to provide Mr. Aiken whatever process was due in order to determine whether revocation should be, that revocation was appropriate or extension or modification. How about the supervised release and the justification for five years? Was there any error in failing to justify that sanction? No, Your Honor. There was no error, nor was there plain error in this case. I think principally it's an explanation problem that Mr. Fife has unidentified. And what the district court did was identify all of the ways that Mr. Aiken essentially thumbed its nose at the court in every condition that it had imposed. So literally the first day that Mr. Aiken was released from his probation sentence of 18 months, he defied the orders of the court to report to probation and instead went off to go have what he said was a fat T-bone steak. That sort of cavalier attitude for the court was not something that he would entertain in order to deter the defendant from future misconduct as well as to, and this is appropriate for supervised release, rehabilitate him from his sort of crushing alcoholic and substance abuse problems. The district court viewed it appropriate to have a longer period of supervised release, which was five years, but with a carrot or an incentive, which was, look, Mr. Aiken, if you can perform, I will contemplate terminating supervised release early. And we've seen this happen in district courts where they sort of offer this carrot, which is I'm going to put you on a longer period of supervised release in light of your repeated history of sort of violating conditions, but if you behave and if you comply with the court's orders, I will terminate supervised release early. And that's what the district court did here. At a minimum, it was not so plainly erroneous or so lacking in an explanation from what the district court said as well as what's apparent from the record that reversal is appropriate. The only thing we would concede is that condition four should be stricken from the judgment. Unless the court has any other questions, the United States is admitted. Okay, thank you very much. Thank you, Your Honors. Do we have some time for rebuttal? Yes, briefly, Your Honors. I just want to reemphasize, of course, that this judge apparently was not closed off to the possibility of going a different route than just an automatic revocation. And that's important because for plain error, we have to show there's a reasonable probability, which, as the court said in Tapia, is less than a certainty and even less than a likelihood of a positive outcome. And here the judge not only was convinced, when there was advocacy, convinced to just continue on supervision, but he also said here at this hearing, I will consider early termination. He obviously wasn't as angry as the government is pointing out because he says, look, if you do well in the future, I'll consider early termination. So the judge, if there was an opportunity, and I know this is plain error, but plain error is not the error of the attorney. Plain error is the error of the judge. And here the judge just didn't do what he was supposed to do. You have to... Oh. There was so much more discussion, as I said, about the sanctions and about the allegation. It was an admission, but even so, the judge took time to go over the admission with him. Now, as far as Judge Robreno, about the supervised release, all the judge said about the five years was five years. He didn't explain why it was not two, it wasn't three, four, ten. He doesn't explain it all. That's a violation of CARDI. And there's also... two instances of impermissible factors being used in the court's decision to impose supervised release. Rehabilitation and punitive factors. Those are clear on the record. That sentence should be vacated in any event. Thank you very much. The case just argued is submitted.
judges: Tashima, Watford, Robreno